UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DAVID ADELBERT TANNER**,

    Plaintiff,

v.                                              Case No. 8:23-cv-2019-WFJ-TGW

**GARDEN COMMUNITIES, LLC d/b/a
COMPTON PLACE APARTMENTS**,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

David Adelbert Tanner, a UPS delivery driver, tripped and fell over an uneven sidewalk joint while delivering packages to the Compton Place Apartments. Mr. Tanner thereafter filed suit against the property owner, Garden Communities, LLC d/b/a Compton Place Apartments ("Compton Place"), for negligent failure to maintain its premises. Doc. 1-1. Compton Place has moved for summary judgment, Doc. 19, and Mr. Tanner has responded, Doc. 28. After considering the record and taking oral argument, the Court grants Defendant's Motion, Doc. 19. As the unlevel sidewalk seam was obvious and not inherently dangerous, Compton Place did not breach its duties to warn of concealed dangers and to maintain the premises in a reasonably safe condition.

1

## BACKGROUND

Mr. Tanner worked as a seasonal UPS delivery driver in November and December of 2021. Doc. 19-2 (Tanner Depo.) at 8-9. During this time, he made numerous deliveries to the Compton Place Apartments. *Id.* at 16. Specifically, he had previously traversed the road and sidewalk accessing Building 16 on the premises. *Id.* Holiday traffic at the time of his trip and fall, however, blocked his usual footpath to the building. *Id.*

On December 16, 2021, Mr. Tanner approached Building 16 with three iPhone-sized packages in hand. *Id.* His view was not obscured by either the packages or bad weather. *Id.* He avoided other parked vehicles and delivery trucks by proceeding up to a ramp, which met the sidewalk where it was raised by a few inches. *Id.* at 16, 23. The photos below depict the site of Mr. Tanner's fall:



2



Doc. 19 at 4.

Mr. Tanner recounted his fall as sudden, expressing that he was walking with the packages when "out of nowhere [he] woke up on the ground" with blood on his head. Doc. 19-2 at 16. Subsequently searching the area for the source of his injury, he concluded that the raised sidewalk caused him to trip. *Id.* Mr. Tanner has received medical treatment for injuries to his back, knees, shoulder, and hand that resulted from his fall. Doc. 1-3.

Mr. Tanner sued Compton Place in Florida state court, alleging one count of negligence based on Defendant's failure to maintain its premises. Doc. 1-1. Compton Place removed to this Court based on diversity of citizenship. Doc. 1. Compton Place now moves for summary judgment, arguing in pertinent part that the uneven

sidewalk joint was open, obvious, and not inherently dangerous, as would preclude liability. Doc. 19.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). An issue of fact is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if the fact could affect the outcome of the lawsuit under the governing law. *Id.*

The moving party bears the initial burden of identifying those portions of the record demonstrating the lack of a genuinely disputed issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If met, the burden shifts to the non-moving party to "come forward with specific facts showing that there is a genuine issue for trial." *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018) (citation omitted). To satisfy its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving

party must go beyond the pleadings and "identify affirmative evidence" that creates a genuine factual dispute. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998).

In determining whether a genuine dispute of material fact exists, the Court must view the evidence and draw all factual inferences therefrom in a light most favorable to the non-moving party. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). In addition, the Court must resolve any reasonable doubts in the non-moving party's favor. *Id.* Summary judgment should only be granted "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party[.]" *Matsushita*, 475 U.S. at 587.

## DISCUSSION

Premises liability actions require proof of the elements of negligence—duty, breach, proximate cause, and harm—plus proof of the additional element that the landowner exercised possession or control over the premises. *See Lisanti v. City of Port Richey*, 787 So. 2d 36, 37 (Fla. 2d DCA 2001). The duty a landowner owes depends on the land entrant's status on the property. *See Seaberg v. Steak N' Shake Operations, Inc.*, 154 F. Supp. 3d 1294, 1299 (M.D. Fla. 2015). A landowner owes an invitee two duties: "1) to warn of concealed dangers which are or should be known to the owner and which are unknown to the invitee and cannot be discovered through the exercise of due care; and 2) to use ordinary care to maintain its premises

in a reasonably safe condition." *Rocamonde v. Marshalls of Ma, Inc.*, 56 So. 3d 863, 865 (Fla. 3d DCA 2011).

A landowner's duty to warn of dangers is discharged when a potential danger is open and obvious. *Kelley v. Sun Communities, Inc.*, No. 8:19-cv-1409-T-02AAS, 2021 WL 37595, at *2 (M.D. Fla. Jan. 5, 2021) (citing *City of Melbourne v. Dunn*, 841 So. 2d 504, 505 (Fla. 5th DCA 2003)). Uneven floor levels are considered obvious as a matter of law. *E.g.*, *Middleton v. Don Asher & Associates, Inc.*, 262 So. 3d 870, 872 (Fla. 5th DCA 2019) (concluding that landowner owed no duty to warn because "uneven sidewalk was open and obvious as a matter of law").

Here, the unlevel sidewalk at the Compton Place Apartments was obvious as a matter of law. *Id.* Moreover, there are no facts to indicate that the slightly raised seam in the sidewalk was concealed. Mr. Tanner had already navigated past any parked vehicles that might have obstructed the sidewalk in order to reach the ramp and sidewalk. Doc. 19-2 at 16, 23. The packages he carried did not impair his view. *Id.* at 16. There is no suggestion that poor weather or debris obscured the sidewalk. *Id.* Therefore, the uneven sidewalk was obvious, and Compton Place consequently owed no duty to warn of it. *Middleton*, 262 So. 3d at 872.

Although "an obvious condition may discharge a landowner's duty to warn an invitee, 'it does not discharge the landowner's duty to maintain the property in a reasonably safe condition.'" *Kelley*, 2021 WL 37595, at *2 (quoting *Marriott Int'l,*

*Inc. v. Perez-Melendez*, 855 So. 2d 624, 631 (Fla. 5th DCA 2003)). Some obvious conditions, however, do not constitute a breach of the duty to maintain the property in a reasonably safe condition. *Dampier v. Morgan Tire & Auto, LLC*, 82 So. 3d 204, 206 (Fla. 5th DCA 2012). "Two types of obvious conditions will not give rise to liability based on a failure to maintain the premises: (1) those conditions that are 'open and obvious and not inherently dangerous'; or (2) those conditions that may be dangerous but are 'so open and obvious that an invitee may be reasonably expected to discover them to protect himself.'" *Kelley*, 2021 WL 37595, at *2 (quoting *Brookie v. Winn-Dixie Stores, Inc.*, 213 So. 3d 1129, 1133 (Fla. 1st DCA 2017)).

Uneven floor levels are considered obvious and not inherently dangerous as a matter of law. *See, e.g.*, *Schoen v. Gilbert*, 436 So. 2d 75, 76 (Fla. 1983) (holding that six-inch drop between foyer and living room was not inherently dangerous condition); *Hoag v. Moeller*, 82 So. 2d 138, 139 (Fla. 1955) (holding that three-and-a-half to four-inch drop between living room and dining room was not dangerous condition); *Bowles v. Elkes Pontiac Co.*, 63 So. 2d 769, 772 (Fla. 1952) (holding that three-inch drop-off between platform and showroom floor was not dangerous condition).

Similarly, unlevel surfaces frequently found in parking lots and streets are often not found to be dangerous conditions. *See Circle K Convenience Stores, Inc.*

*v. Ferguson*, 556 So. 2d 1207, 1208 (Fla. 5th DCA 1990) (finding that slightly raised, concrete cover of underground gas tank in asphalt parking lot was "so common and so ordinarily innocuous" that it was not a hidden dangerous condition); *Gorin v. City of St. Augustine*, 595 So. 2d 1062, 1062-63 (Fla. 5th DCA 1992) (finding that unpainted sidewalk curb on which a tram rider tripped was not a dangerous condition).

Likewise here, the unlevel sidewalk joint at the Compton Place Apartments was not a dangerous condition. Although not an interior architectural feature, it rose no higher than the uneven floors found to be not dangerous in *Schoen*, *Hoag*, and *Bowles*. Furthermore, an unlevel sidewalk seam is akin to commonplace concrete joints and curbs that other courts have found to be not dangerous. *Ferguson*, 556 So. 2d at 1208; *Gorin*, 595 So. 2d at 1062-63; *Kelley*, 2021 WL 37595, at *3. As such, the uneven sidewalk joint was not a dangerous condition, and the uncontested facts show Compton Place therefore did not breach its duty to maintain the premises in a reasonably safe condition. *Dampier*, 82 So. 3d at 206; *Kelley*, 2021 WL 37595, at *2; *Brookie*, 213 So. 3d at 1133.

Plaintiff responds to Defendant's Motion for Summary Judgment by arguing that Compton Place owed a nondelegable duty to maintain its premises in a reasonably safe condition; that Compton Place created the dangerous condition and therefore had notice of it; that the dangerousness of the condition must be obvious,

8

rather than the condition itself; and that a property owner still owes a duty to maintain the premises in a reasonably safe condition although an obvious danger may have discharged the duty to warn. Doc. 28 at 6-11. All of these arguments are defeated by the fact that the uneven sidewalk seam was not a dangerous condition, and that Compton Place therefore did not breach its duty to maintain its premises in a reasonably safe condition. *Kelley*, 2021 WL 37595, at *4; *Dampier*, 82 So. 3d at 206; *Brookie*, 213 So. 3d at 1133.

Finally, *Kersul v. Boca Raton Community Hospital, Inc.*, 711 So. 2d 234 (Fla. 4th DCA 1998), as referenced by Plaintiff in the hearing on Defendant's Motion for Summary Judgment, is distinguishable. In *Kersul*, the appellate court reversed a grant of summary judgment against plaintiffs who tripped on an uneven sidewalk joint on hospital property. 711 So. 2d at 234. The court found that "Plaintiffs presented evidence that the danger was not open and obvious," which is not the case here. *Id.* There is no question that the unlevel sidewalk joint at the Compton Place Apartments was obvious. *E.g.*, *Middleton*, 262 So. 3d at 872.

In conclusion, the uneven sidewalk joint over which Mr. Tanner tripped was obvious and not dangerous as a matter of uncontested fact and Florida law. As such, Compton Place did not owe a duty to warn of the obvious condition, and did not breach its duty to maintain the property in a reasonably safe condition.

**CONCLUSION**

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Defendant's Motion for Summary Judgment (Doc. 19) is **GRANTED**.

(2) The Clerk is directed to enter final judgment in favor of Defendant.

(3) The Clerk is directed to terminate any pending motions and deadlines and to close the case.

**DONE AND ORDERED** at Tampa, Florida, on August 22, 2024.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record